O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 21 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER RODRIGUEZ,<br><br>               Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 09-2259 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

Disputed Issue Nos. 1 and 3 are both directed to the determination by the Administrative Law Judge ("ALJ") at Step Two of the Commissioner's sequential

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

evaluation process that plaintiff did not suffer from a severe mental impairment. To the extent that plaintiff is contending that the ALJ erred in failing to properly consider the June 5, 2007 opinion of plaintiff's treating psychiatrist that plaintiff's prognosis was "guarded," the Court disagrees. Although plaintiff's treating psychiatrist listed plaintiff's medications and provided a diagnosis, he did not purport to opine that plaintiff had any functional limitations, let alone any functional limitations that caused more than a minimal effect on plaintiff's mental ability to perform basic work activities. (See AR 283.) The word "guarded" was provided in response to questions on the form: "Can the patient's condition be expected to improve? If so, when do you consider significant changes likely to occur?" (See id.) Thus, the treating psychiatrist's opinion that plaintiff's prognosis was "guarded" at most signified his belief that plaintiff's condition was not necessarily expected to improve. Accordingly, even if the ALJ's stated reasons for according little weight to this opinion were not legally sufficient, the ALJ's error was harmless because the opinion was not probative of whether plaintiff suffered from a severe mental impairment. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

To the extent that plaintiff is contending that the ALJ misrepresented the record when he stated there were no mental status examinations or treatment notes to support the June 5, 2007 opinion of plaintiff's treating psychiatrist that plaintiff's prognosis was "guarded," the Court also disagrees. In support of this contention, plaintiff has cited treatment notes by the treating psychiatrist dated October 4, 2007 (AR 363) and April 24, 2008 (AR 358). However, the Court does not construe as opinions the statements in the October 4, 2007 treatment notes to the effect that plaintiff had mood

2

swings and anger outbursts, and heard voices, but rather construes those statements as simply a recitation of what plaintiff was reporting. Likewise, the Court does not construe as an opinion the statement in the April 24, 2008 treatment notes to the effect that plaintiff felt depressed. Moreover, the Court fails to see how either the October 4, 2007 treatment notes or the April 24, 2008 treatment notes can be characterized as supporting the June 5, 2007 opinion of plaintiff's treating psychiatrist that plaintiff's prognosis was "guarded."

In support of her contention that the ALJ misrepresented the record, plaintiff also has cited two reports of plaintiff's mental status generated by a treating clinician (AR 249, 273) that, according to plaintiff, were rendered on September 23, 2008. Contrary to plaintiff's characterization, the date on which those reports were rendered was September 23, 2003.[2] Since the two reports were not rendered during the same time frame as the treating psychiatrist's June 5, 2007 opinion, it was not a misrepresentation of the record for the ALJ to state that there were no mental status examinations to support the opinion. Moreover, the Court finds and concludes that the ALJ did not err in failing to discuss the treating clinician's reports because they predated the protective filing date of plaintiff's application for Supplemental Security Income benefits by over three years, and consequently they were not probative of whether plaintiff's mental impairment caused more than a minimal effect on plaintiff's mental ability to perform basic work activities since January 22, 2007. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need only discuss evidence that is significant and probative); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had failed to mention letter from plaintiff's treating psychiatrist concluding that plaintiff was severely

---

[2] Indeed, the Court notes that, in the Joint Stipulation filed in the prior related action, Case No. EDCV 08-1106 RNB, plaintiff correctly characterized the mental status report in which the treating clinician assessed plaintiff as having a GAF score of 50 as having been rendered on September 23, 2003.

impaired).

As to Disputed Issue No. 2, the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the type, dosage, effectiveness, and side effects of plaintiff's prescribed medications. Plaintiff's reliance on Social Security Ruling 96-7p is misplaced because that Social Security Ruling governs credibility determinations and plaintiff here is not contesting the ALJ's adverse credibility determination. Moreover, although plaintiff testified at the administrative hearing to experiencing side effects (see AR 48, 56-58), medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (1985). Here, as the Commissioner points out (see Jt Stip at 17), plaintiff's treatment notes did not evidence that she experienced any adverse side effects from her medications.

Finally, as to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt Stip at 25-27), the Court finds and concludes that reversal is not warranted based on the ALJ's failure to obtain vocational expert testimony.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: September 21, 2010

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE